UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JEROME YELDER**, <br><br> Plaintiff, <br><br> v. <br><br> **NORFOLK SOUTHERN RAILWAY COMPANY**, <br><br> Defendant. | 2:18-cv-10576 <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

On March 6, 2020, the Court entered an opinion and order granting Defendant Norfolk Southern Railway Company's motion for summary judgment. Plaintiff Jerome Yelder, appearing pro se, has written a letter to the Court asking for reconsideration of that judgment. ECF No. 33.

The Court will grant a motion for reconsideration if the moving party shows (1) a "palpable defect," (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. Local Rules 7.1(h)(3). A "palpable defect" is one where the defect is "obvious, clear, unmistakable, manifest, or plain." *Michigan Dept. of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D. Mich. 2002) (citations omitted). Motions for reconsideration that "merely present the same issues ruled upon by the Court, either

1

expressly or by reasonable implication" will not be granted. E.D. Mich. Local Rules 7.1(h)(3).

In its March 6, 2020 order, this Court considered whether Plaintiff had established a genuine issue of material fact as to his racial discrimination and retaliation claims. The Court concluded no. *See* ECF No. 31. Plaintiff's racial discrimination claim rested on the dispositive element of whether Plaintiff "was replaced by someone outside the protected class or was treated differently than similarly situated, non-protected employees." *Id.* at PageID.2119. But Plaintiff was not treated differently because he was paid more than similarly situated, non-protected employees. *Id.* at PageID.2122. Moreover, Plaintiff "did not allege or offer evidence that a non-African American conductor was hired to replace him or reassigned from another pool to the DT pool to take over his duties." *Id.* at PageID.2125. Finally, Defendant offered a legitimate, non-discriminatory reason for terminating Plaintiff: he physically assaulted a taxi driver and therefore violated company policy. *Id.* at PageID.2129.

As to his retaliation claim, Plaintiff's argument rested on the dispositive element of whether his "'unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" *Id.* at PageID.2127 (citing *Barrow v. City of Cleveland*, 773 Fed. App'x 254, 261 (6th Cir. 2019) (citations omitted). But the record did

2

not support the conclusion that but-for Plaintiff's complaints about racial discrimination in the workplace, Defendant would not have terminated him. Rather, Plaintiff's misconduct in striking the taxi driver was a legitimate intervening cause for his termination. *Id.*

Ultimately, Plaintiff's motion for reconsideration seeks to raise issues that have already been ruled upon by the Court, or raises issues that were not properly presented either in the briefing or the available record. For example, Plaintiff criticizes the performance of his counsel for not following his instructions or for providing advice with which he disagreed. ECF No. 33, PageID.2135-36. Plaintiff notes how Defendant's failure to properly investigate the incident with the taxi driver is evidence that he was treated differently because of his race. For instance, Plaintiff points to how Defendant treated James Jackwak, his white colleague and a witness to the incident, differently from him because Defendant's internal investigators believed the witness instead of him. *Id.* at PageID.2136. But the Court reviewed the record before it, including depositions by Plaintiff, and individuals involved with Defendant's internal investigation of the incident with the taxi driver, including Human Resources EEO officer Susan Decker, Senior Market Manager Courtney Siffre, and Terminal Superintendent Stephen Myrick. *See* ECF Nos. 27-2, 27-7, 27-8, and 27-9. The Court concluded from such evidence that Plaintiff failed to establish that he "was replaced by someone outside

3

the protected class or was treated differently than similarly situated, non-protected employees." *See* ECF No. 31, PageID.2119.

Plaintiff also argues that his counsel made ineffective arguments and offered insufficient evidence. For example, Plaintiff cites to a history of discrimination by Defendant which was not raised in the record, such as recounting the story of another pair of Norfolk employees who he claims was also kidnapped in the manner that he claimed he was, but whose story was believed because the employees making the accusations were white and the driver was African American. *Id.* at PageID.2137. In another example, Plaintiff cites to how Defendant fully compensated its other employees despite having engaged in conduct that also violated company policy. *Id.* at PageID.2136-37. Plaintiff characterizes such conduct and other instances where Defendant "misappropriated company resources to give a financial advantage" to one group over another as a form of embezzlement. *Id.* at PageID.2139. But the Court cannot consider new claims in a motion for reconsideration. Similarly, Plaintiff attempts to supplement the record concerning Defendant's allegedly discriminatory practices regarding making work assignments, but the Court made its ruling based on the available record before it.

In summary, Plaintiff either seeks to introduce new facts that are outside the record, restates previous arguments, or makes claims that he could have but did not raise in previous filings. None are appropriate

4

issues for the Court to consider in a motion for reconsideration because they repeat arguments raising "the same issues ruled upon by the Court, either expressly or by reasonable implication." *See* ECF No. 33, PageID.2136-38. Therefore, Plaintiff has failed to allege that the Court reached its conclusion based on a "palpable defect" that was "obvious, clear, unmistakable, manifest, or plain." *See Michalec*, 181 F.Supp.2d at 734.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 8, 2021    s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

5